PHILPOT v. CANTEY.

1. A MARRIED WOMAN could, in 1893, borrow money and pay her husband's debt with it, and charge her separate estate with its payment.
2. IBID.—MORTGAGES.—A purchaser, before maturity, of a married woman's note and mortgage, executed in 1893, without notice of its actual consideration, has only to see that the provisions of the act of 1891 are incorporated in it, to hold her separate estate liable.

Before GARY, J., Barnwell.   Modified.

Foreclosure by Thos. M. Philpot *v.* Salley J. Cantey and J. A. Cantey.   From Circuit decree plaintiff appeals.

*Mr. I. L. Tobin*, for appellant, cites: 20 S. E. R., 62; 10 S. E. R., 95.

*Messrs. A. B. Connor* and *J. J Brown*, contra, cite: 20 Stat., 1121; 41 S. C., 330; 49 S. C., 469.

July 7, 1898.   The opinion of the Court was delivered by

MR. JUSTICE POPE.   Mrs. Sallie R. Cantey, wife of J. A. Cantey, borrowed $345 from the Bank of Allendale, in this State, in the month of November, 1891, and to secure her note therefor, executed to the bank a mortgage on her tract of land, containing 110 acres, known as the "Dalzell place," and in said mortgage declared her intention to charge said premises as her separate estate with the payment of said debt.   J. A. Cantey, the husband of Sallie R. Cantey, contracted a debt by account with the firm of W. A. All, Jr., & Co., amounting to $355.50.   On the 14th of November, 1893, Sallie R. Cantey agreed with Mrs. Ida All, wife of

33—52

the said W. A. All, to borrow the sum of $700, with which she was to pay her own debt to the Bank of Allendale, and the debt of her husband, J. A. Cantey, to the firm of W. A. All, Jr., & Co. Accordingly, she executed her three promissory notes to the said Ida All, each for $233.33⅓, maturing respectively in 1894, 1895, and 1896, and secured the same by a mortgage on her "Dalzell place," containing 110 acres. Mrs. All paid the $700 in question, by paying two drafts drawn on her by Sallie R. Cantey, and the proceeds of one of said drafts were applied to the satisfaction of the debt and mortgage held by the Bank of Allendale, and the proceeds of the second draft were applied by W. A. All, Jr., & Co., to the payment of their account against J. A. Cantey. During the spring of 1895 (after one of the notes had matured), the three notes were transferred to Thomas M. Philpot. It seems that J. A. Cantey united with his wife in the execution of the mortgage by his wife on her land to Mrs. All. All three of said promissory notes having matured and remaining unpaid, Thomas M. Philpot began his action against Sallie R. Cantey and J. A. Cantey, as defendants, for judgment for his debt, and for a foreclosure of the mortgage. The cause came on for trial before Judge Ernest Gary, and by his decree he adjudged J. A. Cantey liable both for debt and foreclosure; but when he came to pass upon Sallie R. Cantey's liability, he held that she was liable for $348.45 due the Bank of Allendale, originally, and was not liable for that part of the debt due originally by J. A. Cantey to the firm of W. A. All, Jr., & Co., to wit: $351.55.

From this decree the plaintiff alone appeals on two grounds. First ground alleges error in the Circuit Judge in holding that the consideration of the debt and mortgage of Sallie R. Cantey to Ida All was her debt to the Bank of Allendale, and J. A. Cantey's debt to W. A. All, Jr., & Co., whereas he should have held that the $700 was loaned by Ida All to Sallie R. Cantey to pay these two debts. Second ground alleges error in the Circuit Judge in decreeing for a part of said debt and denying Sallie R. Cantey's liability

for the amount paid W. A. All, Jr., & Co., whereas it is submitted that although a married woman, Sallie R. Cantey was liable for the whole $700, under her contract relating thereto. We are inclined to hold that the Circuit Judge was in error when he freed Sallie R. Cantey from a part of her contract. It seems to us that the plaintiff, Philpot, as the holder of two negotiable notes, without notice, occupied a higher ground than Ida All; but apart from this view, it seems to us that Mrs. Cantey had the right to borrow money and do with such borrowed money just as she pleased. This is not a case where Mrs. Cantey assumed any liability as indorser, or surety, or guarantor for J. A. Cantey, her husband. All she did was to pay her own debt and one of his debts. Clearly, if she had had in her own possession $700 in money, she could have used it as she pleased, and we do not perceive any distinction between the use of her own cash as she pleased, and her borrowing money and using it as she pleased. Under the former act the wife, when she gave a mortgage on her own property, was required to insert a provision in it that it was her own debt, and that she intended to create a lien on her property to protect the payment of said debt. This she did. When Philpot purchased these promissory notes—two of which had not matured—as a purchaser for value, without notice, as to the two, he would only be required to see that Mrs. Cantey's mortgage was executed as the act of 1891 required should be done. It follows, therefore, that the decree of the Circuit Judge must be so modified as to give the plaintiff a judgment for whole debt and interest.

It is the judgment of this Court, that the judgment of the Circuit Court be modified, as required by the views herein expressed, and the cause be remanded to the Circuit Court for such purpose.